USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/10/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY            :
DISTRICT COUNCIL OF CARPENTERS           :
PENSION FUND et al.,                     :
                                         :      13 Civ. 2716 (JMF)
                       Petitioners,      :
                                         :      MEMORANDUM OPINION
        -v-                              :          AND ORDER
                                         :
TNS MANAGEMENT SERVICES, INC.,           :
                                         :
                       Respondent.       :
                                         :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA funds"), Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity fund"), and the New York City and Vicinity Carpenters Labor-Management Corporation and the New York City District Council Carpenters (the "Union," and, collectively, the "Petitioners") filed this Petition seeking to confirm an arbitration award (the "Award") that they obtained against Respondent TNS Management Services, Inc. ("TNS," or the "Respondent"), pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Petitioners also seek recovery of attorney's fees and costs. For the reasons stated below, the Award is CONFIRMED, and the request for attorney's fees and costs is GRANTED in part and DENIED in part.

## BACKGROUND

      The ERISA Funds are multi-employer labor management trust funds organized and

1

operated pursuant to ERISA.  (Compl. (Docket No. 1) ¶ 4).  The Charity Fund is a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  (*Id.* ¶ 5).  Collectively, the ERISA Funds and the Charity Funds are referred to as the "Funds."  The Union is a labor organization that represents employees and is the certified bargaining representative for certain employees of the Respondent.  (*Id.* ¶ 6).  The Petitioners allege, upon information and belief, that Respondent is a New York corporation and, at relevant times, was an employer within the meaning of 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142.  (*Id.* ¶ 8).

      The Union and TNS were parties to a Collective Bargaining Agreement (the "CBA") that required TNS to make contributions on behalf of its employees covered by the CBA to various benefit funds, including the ERISA Funds and the Charity Fund.  (Epstein Decl. (Docket No. 6) ¶ 4; *id.* Ex. A ("CBA") art. XVI, § 1).  The CBA also permitted the Union to audit TNS's books and records to ensure compliance.  (Compl. ¶ 11; CBA art. XVI, § 1).  Pursuant to the relevant clause of the CBA, the Petitioners conducted audits of TNS's books and records for three time periods: (1) March 30, 2009, through May 6, 2011; (2) May 7, 2011, through April 29, 2012; and (3) April 30, 2012, through October 14, 2012.  (Epstein Decl. ¶ 5).  The auditor determined that TNS failed to make principal contributions in the amount of $61,916.12 (Epstein Decl. ¶ 5), comprised of deficiencies of: (1) $1,526.28 in the first period; (2) $21,334.40 in the second period; and (3) $39,055.44 in the third period.  (McMorrow Decl. (Docket No. 7) ¶ 6).  The dispute was submitted to Roger Maher for arbitration, pursuant to the CBA's arbitration clause. (Epstein Decl. ¶ 6; CBA art. XVI, § 7).

      After providing notice to the parties, the arbitrator held a hearing and, on March 2, 2013, rendered an award of $87,640.26 to be paid to Petitioners (the "Award"), with interest to accrue

at the rate of 5.25% from the date of the Award.  (Epstein Decl., Ex. B ("Award") 4).  No representative from TNS attended the hearing, apparently because of a scheduling misunderstanding.  (McMorrow Decl. ¶¶ 15-17).  TNS admits, however, that its failure to attend the hearing "was in error."  (McMorrow Decl., Ex. A ("Spanarkel Affidavit") ¶ 6).  After the arbitrator rendered the award, TNS remitted payment in the amount of $31,752.50, but has not paid the remainder of the award.  (Epstein Decl. ¶ 9).

On March 24, 2013, Petitioners filed their Petition (styled a Complaint) with this Court seeking confirmation of the full amount of the award, plus interest in the amount of 5.25% to accrue from the date of the award.  (Compl. ¶¶ 16-17).  Petitioners also request attorneys' fees and costs in the amount of $1,208.50, comprised of $656 in attorney's fees and $552.50 in costs.  (Epstein Decl. ¶ 22; *id.* Ex. E).  Pursuant to this Court's Order of May 10, 2013 (Docket No. 4), Petitioners filed additional materials in support of the award and request for costs and fees, including a Declaration in Support of Application to Confirm an Arbitration Award (Epstein Decl.) and contemporaneous time records (Epstein Decl., Ex. E).  Respondent then submitted a Declaration in Opposition to Application to Confirm Award (McMorrow Decl.), and Petitioners submitted a Memorandum of Law in Support of Plaintiffs' Petition to Confirm Arbitration Award ("Petitioners' Mem.") (Docket No. 11).

## DISCUSSION

### A. Applicable Law

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  Accordingly, the confirmation of an arbitration award generally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair &*

*Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) (internal quotation marks omitted). "Only a 'barely colorable justification for the outcome reached' by the arbitrators" is required to confirm an award on a timely petition to confirm. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

"[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes," *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (internal quotation marks omitted), and judicial review of an arbitration award under Section 301 of the LMRA, 29 U.S.C. § 185, is "extremely deferential," *id.* at 405. Under the LMRA, an arbitration award should be upheld as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Beth Israel Med. Ctr. v. 1199/S.E.I.U. United Healthcare Workers E.*, 530 F. Supp. 2d 610, 614 (S.D.N.Y. 2008) (internal quotation marks omitted). "Even if the Court is convinced that '[the arbitrator] committed serious error,' the award should not be vacated so long as the arbitrator is 'even arguably construing or applying the contract and acting within the scope of his authority.'" *Abondolo*, 568 F. Supp. 2d at 405 (alteration in original) (quoting *United Paperworkers Int'l v. Misco*, 484 U.S. 29, 38-39 (1987)); *see also* 9 U.S.C. § 10(a) (identifying the limited bases for vacating arbitration awards). Courts have shown similar judicial restraint regarding arbitration awards under ERISA. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. SDS Labor, Inc.*, 11 Civ. 6267 (DLC), 2011 WL 6181351, at *2-3 (S.D.N.Y. Dec. 13, 2011); *Mason Tenders Dist. Council of Greater New York & Long Island v. Circle Interior Demolition, Inc.*, 07 Civ. 11227 (RMB) (THK), 2009 WL 5061744 at *1, *5 (S.D.N.Y. Dec. 22, 2009) (adopting the Report and Recommendation of Katz, M.J.).

B. Analysis

    1. The Award

Applying the foregoing principles, Petitioners have easily met their burden of demonstrating that the Award should be confirmed, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 95 (internal quotation marks omitted). Indeed, Petitioners have submitted evidence that TNS is a party to the CBA (Epstein Decl. ¶ 4; CBA); that TNS was required to make certain contributions to the funds (Epstein Decl. ¶ 4; CBA art. XVI, § 1); that the CBA set forth an arbitration procedure for resolution of disputes concerning these contributions (Epstein Decl. ¶ 6; CBA art. XVI, § 7), which Petitioners followed (Epstein Decl. ¶ 6); that TNS received notice of the arbitration hearing (Spanarkel Affidavit ¶¶ 4-6; McMorrow Decl., Ex. B), and that the arbitrator's decision was not arbitrary, did not exceed his powers, and was not otherwise contrary to law (*see* Award).

In arguing against confirmation, Respondent contends that the Award was in error, but this contention fails to meet the heavy burden needed to overturn an arbitration award. In particular, Respondent claims that in calculating the Award, the arbitrator relied on the Petitioners' auditor's faulty calculation of principal due. (McMorrow Decl. ¶¶ 8-13). The calculation was incorrect, according to Respondent, because the auditor failed to credit TNS for payments it made in the second and third periods. (*Id.*).

Even if this Court "[were] convinced [that the arbitrator] committed serious error," that would "not suffice to overturn his decision" so long as the arbitrator was "arguably construing or applying the contract and acting within the scope of his authority." *E. Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000) (internal quotation marks omitted). That is

plainly the case here.  In addition, Respondent has failed to substantiate its contention that the payments made by TNS were not taken into account by Petitioners' auditor or the arbitrator. Respondent does not provide any documentation of the methodology by which the auditor or arbitrator calculated the principal amounts due, nor does it demonstrate the alleged mistake through other evidence.  Respondent merely submits a set of documents containing letters, spreadsheets, and other forms that it claims — in conclusory fashion —"demonstrat[e] that the petitioners['] audit figures were incorrect." (Spanarkel Affidavit ¶ 10; *see also* McMorrow Decl., Ex. D).  To the extent that the Court can parse the meaning of these documents at all, they suggest that the arbitrator's calculations of principal due for the second and third periods were lower than the initial amounts of principal due as calculated by the auditor (*compare* McMorrow Decl., Ex. D at 1, *with* Award at 4), suggesting that the Award did take into account some payments made by TNS.

Accordingly, the Court GRANTS Petitioners' Petition to confirm the Award, and awards judgment for the Petitioners in the amount of $55,887.76 — the difference between the Award and the amount already paid by Respondent.  In addition, the Court awards interest accruing at the rate of 5.25% from March 2, 2013, the date of the Award, through the date of judgment.

### 2. Attorney's Fees and Costs

Petitioner also requests an award of $1,208.50, comprised of $656 in attorney's fees and $552.50 in costs.  (Epstein Decl. ¶ 22; *id.* Ex. E).  Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither Section 301 of the LMRA nor the Federal Arbitration Act provides for attorney's fees in actions to confirm an arbitration award.  *See, e.g.*, *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009) (quoting *Int'l Chem.*

*Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Although section 502(g) of ERISA permits plaintiffs to recover reasonable attorney's fees and costs in successful actions to recover delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(D), "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011).

Courts sometimes award attorney's fees in arbitration confirmation proceedings where challengers to the proceedings acted in bad faith, *see, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6-7 (S.D.N.Y. Dec. 11, 2013), but Respondent has not exhibited the requisite bad faith here. *See also Angel Constr.*, 2009 WL 256009, at *2 ("In the context of confirmation proceedings, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Although Respondent did fail to attend the arbitration hearing, this failure was not out of bad faith, but rather a genuine misunderstanding regarding the scheduling of the hearing. (Spanarkel Affidavit ¶¶ 4-6). Moreover, Respondent has appeared in this confirmation action, and it has already paid a portion of the Award. (Epstein Decl. ¶ 9). Although Respondent's arguments regarding the unpaid balance are not a valid basis to oppose confirmation, the arguments are not frivolous or made in bad faith. *Cf. Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 708 (2d Cir.1985) (upholding the imposition of sanctions where the district judge concluded that the plaintiff "had presented 'frivolous, unreasonable and groundless' opposition to [the defendant's] motion to confirm the arbitration award"); *Prospect Capital Corp. v. Enmon*, No. 08 Civ. 3721 (LBS), 2010 WL 907956, at *6-8 (S.D.N.Y. Mar. 9,

2010) (imposing sanctions for, *inter alia*, party's opposition to a motion to confirm in which it "persisted in bringing frivolous arguments that misrepresented the record"). Accordingly, Petitioners' request for attorney's fees is DENIED.

At the same time, "courts routinely make awards for costs . . . in confirmation proceedings." *Abondolo*, 829 F. Supp. 2d at 130 (alterations and internal quotation marks omitted) . This is consistent with Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Accordingly, Petitioners are entitled to their $552.50 in costs, comprised of the $350 filing fee and $202.50 in service fees. (Epstein Decl., Ex. E).

## CONCLUSION

For the reasons set forth above, the Award is CONFIRMED, with interest to accrue at a rate of 5.25% from the date of the Award to the date judgment is entered in this matter. Petitioners are further awarded $552.50 in costs.

Petitioners are directed to submit a proposed Judgment consistent with this Memorandum Opinion and Order to the Orders and Judgments Clerk of this Court by January 17, 2014.

SO ORDERED.

Dated: January 10, 2014
      New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge